UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

KAITLYN RIVERA,
                     Defendant.

21-CR-190 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

Presently before the Court is a motion for compassionate release filed by Defendant Kaitlyn Rivera under 18 U.S.C. § 3582(c)(1)(A).

I

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Section 3582(c) of Title 18, as amended by the First Step Act of 2018, provides that a district court "may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in [18 U.S.C.] section 3553(a), . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has recently issued policy statements clarifying what circumstances provide "extraordinary and compelling reasons" for a sentence reduction when a defendant brings such a motion. Under the amended Section 1B1.13(b) of the Guidelines, such reasons may include "the medical circumstances" and "family circumstances" of the defendant.

Even if a court finds extraordinary and compelling reasons, before granting a sentence reduction the court must also conclude that a sentence reduction is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

1

The sentence reduction statute also contains an exhaustion requirement. It allows a court to reduce a sentence "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

II

A

Although Ms. Rivera has not satisfied the exhaustion requirement under the statute, that requirement is not jurisdictional and is subject to waiver. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). Because the Government has waived any objection based on the failure to exhaust (ECF No. 388 at 4), the Court considers Defendant's motion on the merits.

B

Defendant is housed at FDC Philadelphia, where she is serving her four-month term of imprisonment. She reported to BOP custody on November 3, 2023.

Through counsel, Defendant filed her motion for compassionate release on January 10, 2024, requesting immediate release to home confinement because she is "about to give birth." (ECF No. 386 at 1.) Her expected due date is January 17, 2024.

The Guidelines' reference to "medical circumstances" does not provide an extraordinary and compelling reason for Defendant's release. Although pregnancy is a "medical circumstance," Section 1B1.13 of the Guidelines sets forth specific circumstances that are not applicable here. The evidence indicates that BOP is providing fully adequate medical and prenatal care for Ms. Rivera. In fact, the record shows that it is Ms. Rivera who is refusing appropriate prenatal care and treatment, potentially place herself and her child at risk.

2

Defendant's "family circumstances," U.S.S.G. § 1B1.13, may potentially encompass her imminent childbirth. Considering all the circumstances, however, the Court cannot conclude that this provides an extraordinary and compelling reason for Defendant's release to home confinement.

Defendant has known about her pregnancy, which was the result of an IVF procedure, for many months. The embryo transplant occurred on April 27, 2023, the same day she pled guilty in this case. She never informed the Court or the Probation Department that she was pregnant, including at her sentencing on September 8, 2023, when the Court set a surrender date in November 2023. Had she done so, the Court could have considered the fact and timing of her pregnancy in setting a surrender date. Rather, she waited until one week before her due date to file a motion for immediate release. The circumstances unfortunately suggest an attempt to use a pregnancy to manipulate the system and obtain a shorter sentence. Such manipulation should not be rewarded.

Defendant argues that she "should be in the safest location available to her when she gives birth" and that "the birth of a child and the separation of mother and child immediately after birth is a punishment which far exceeds the traditional goals of sentencing." (ECF No. 386 at 6-7.) The Court recognizes that giving birth while incarcerated is far from ideal and presents unique difficulties. However, consistent with federal regulations, Defendant will be taken to a hospital outside the institution to give birth, and she will stay with the baby in the hospital for some period of time, with BOP paying for the child's medical expenses for up to three days for a routine delivery or seven days for a Cesarean section.

The Defendant chose to become pregnant at a time when she knew she was going to be sentenced in the coming months. Had the Court imposed a sentence consistent with the

Sentencing Guidelines (20 years) or with the Probation Department's recommendation (four years), it is hard to imagine that the Defendant would expect release after serving two months of her sentence. The Court imposed a substantially below-Guidelines sentence of four months' imprisonment, finding that that sentence was sufficient, but also necessary, to comply with the purposes of sentencing under 18 U.S.C. § 3553(a). Considering all the circumstances, the Court finds that a sentence reduction would not be warranted under section 3553(a).

III

The Court concludes that Defendant has not shown that there are "extraordinary and compelling reasons" warranting immediate release to home confinement under 18 U.S.C. § 3582(c)(1)(A). Accordingly, Defendant's motion for compassionate release is denied.

SO ORDERED.

Dated: January 16, 2024
      New York, New York

_____
J. PAUL OETKEN
United States District Judge